**NOT FOR PUBLICATION**

JUN 05 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARALD MARK GALZINSKI, | No. 11-16472 |
| Petitioner-Appellant, | D.C. No. 2:09-cv-02251-LKK-JFM |
| v. | |
| MIKE McDONALD, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted April 15, 2013
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM, District Judge.**

Petitioner-Appellant Harald Mark Galzinski appeals the district court's

denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We review a

district court's denial of a 28 U.S.C. § 2254 petition de novo, *McMurtrey v. Ryan*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable John R. Tunheim, District Judge for the U.S. District Court for the District of Minnesota, sitting by designation.

539 F.3d 1112, 1118 (9th Cir. 2008), and may affirm on any ground supported by the record, *Moran v. McDaniel*, 80 F.3d 1261, 1268 (9th Cir. 1996). For the reasons below, we affirm.

The operative state court decision for purposes of our review is the Sacramento Superior Court decision because the state appellate courts affirmed without comment. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). As a threshold matter, we conclude that the Superior Court's rejection of Galzinski's ineffective assistance of appellate counsel claim amounted to a decision "on the merits" because the Superior Court considered the evidence that Galzinski submitted and found that it was insufficient to establish a constitutional violation. *See Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). Thus, our review is governed by the deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d).

Under AEDPA, relief cannot be granted unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts." *Id.* Applying these deferential standards, we affirm the Superior Court's rejection of the ineffective

2

assistance of appellate counsel claim. A "fairminded jurist" could find that Galzinski failed to present evidence about his appellate counsel's representation that would have allowed the Superior Court to find that counsel performed deficiently by failing to raise the *Faretta*[1] issue. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential."); *Smith v. Murray*, 477 U.S. 527, 536 (1986) ("Th[e] process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (internal quotation marks omitted).

Further, even if we reviewed the ineffective assistance of appellate counsel claim and the underlying *Faretta* claim de novo,[2] we would affirm. We recognize that the information provided to Galzinski about his potential sentence during the *Faretta* colloquy could have been clearer and more thorough. Nonetheless, given Galzinski's familiarity with the case and the fact that he was told he faced fifteen years to life per count on multiple counts and that there were multiple victim

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

[2] Respondent argued solely that the decision regarding ineffective assistance of appellate counsel was on the merits and did not argue, in the alternative, that it rested on adequate and independent state grounds.

enhancements, we conclude that the information provided communicated the range of possible punishments Galzinski faced and was therefore adequate to support Galzinski's waiver. *See Iowa v. Tovar*, 541 U.S. 77, 81 (2004). Thus, Galzinski has not demonstrated that any potential deficiency in his counsel's performance was prejudicial. *See Strickland*, 466 U.S. at 694.

    **AFFIRMED.**